IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of 2856 Yan Corp.    :
    :
From Decision of Pennsylvania    : No. 555 C.D. 2022
Liquor Control Board    : Submitted: June 5, 2023
    :
Appeal of: 2856 Yan Corp.    :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
    HONORABLE MICHAEL H. WOJCIK, Judge
    HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK    FILED: June 26, 2023

Appellant 2856 Yan Corp. (Licensee) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court), which, following a *de novo* hearing, affirmed the decision of the Pennsylvania Liquor Control Board (PLCB) denying Licensee's restaurant liquor license renewal under the Liquor Code,[1] based on seven prior citations, including three citations for failure to operate as a *bona fide* restaurant. Licensee contends that the trial court's findings are not based on substantial evidence; the trial court abused its discretion given the *de minimis* nature of the violations; and the trial court erred in refusing to find that Licensee had taken affirmative corrective actions. Upon review, we affirm.

_____

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§1-101 – 10-1001.

Licensee filed an application with the PLCB for the renewal of Pennsylvania Restaurant Liquor License No. R-832 (license) for the premises located at 2854-56 North 22nd Street, Philadelphia, Pennsylvania (licensed premises) for the period beginning November 1, 2020, and ending October 31, 2022. Reproduced Record (R.R.) at 29a-32a. The PLCB's Bureau of Licensing (Bureau), pursuant to Section 470 of the Liquor Code, 47 P.S. §4-470, notified Licensee that it was objecting to the renewal. The Bureau asserted that Licensee abused its licensing privilege based on prior citations and the failure to operate as a *bona fide* restaurant. In addition, the Bureau asserted that Licensee's President, Stockholder and Manager, Yan Chen, was not a responsible person of good repute and/or has become a person of ill repute. R.R. at 35a.

Pursuant to Section 464 of the Liquor Code, 47 P.S. §4-464, a hearing on the nonrenewal was held on January 11, 2021, before a PLCB hearing examiner. Based upon the testimony and evidence presented, the hearing examiner recommended the denial of the renewal application. R.R. at 200a. Following review of the record and the hearing examiner's recommendation, by order dated October 27, 2021, the PLCB refused Licensee's renewal application. *Id.* at 122a.

Licensee appealed to the trial court.[2] At the hearing, the PLCB offered into evidence the complete record of the proceedings before the PLCB hearing examiner. The trial court considered the matter *de novo* based upon consideration of the certified record, including the hearing examiner's proposed findings of fact and conclusions of law, the PLCB's opinion, and the parties' briefs and arguments. By order dated May 4, 2022, the trial court affirmed the PLCB's decision and denied Licensee's appeal. R.R. at 235a. Licensee then filed an appeal with this Court.

---

[2] Thereafter, the PLCB issued an opinion in support of its order. *See* R.R. at 167a-87a.

At the direction of the trial court, Licensee filed a Pa. R.A.P. 1925(b) statement of errors complained of on appeal (1925(b) Statement), asserting the same issues raised herein. On October 7, 2022, the trial court issued a Pa. R.A.P. 1925(a) Opinion setting forth the reasons for its decision.[3] R.R. at 269a-82a. The trial court addressed the assignments of error and set forth the various factors that supported affirming the PLCB's denial of the renewal application. The trial court independently evaluated the evidence that was presented to the PLCB hearing examiner. The trial court reviewed Licensee's citation history as reflected in the Bureau's exhibits. Between 2016 and 2019, Licensee received seven citations, which Licensee did not dispute. Two of the citations were for operating the licensed premises without a valid health license; two were for selling alcohol for off-premises consumption; and three were for failing to act as a *bona fide* restaurant based on insufficient seating. Although Licensee offered evidence regarding corrective measures taken in response to the citations, the trial court found that the steps were not taken in good faith, noting Licensee repeated the violations after undertaking corrective measures. In response to Licensee's argument that the trial court abused its discretion on the basis that the citations were *de minimis* in nature, the trial court

---

[3] A trial court reviewing a decision of the PLCB not to renew a liquor license hears the matter *de novo* and makes its own findings of fact and conclusions of law. Section 464 of the Liquor Code, 47 P.S. §4-464; *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Cantina Gloria's Lounge, Inc.*, 639 A.2d 14, 16 (Pa. 1994). Although the trial court did not render its own findings of fact and conclusions of law, or adopt the PLCB's, the trial court's opinion thoroughly sets forth the evidence relied upon and the legal basis for its decision to permit meaningful appellate review. *See Commonwealth v. Stevenson*, 832 A.2d 1123, 1126 (Pa. Super. 2003) (an appellate court "may look at the trial court's [Pa. R.A.P.] 1925(a) opinion to garner findings of fact and conclusions of law").

explained that Licensee's citation history showed that Licensee was incapable of following the most basic requirements.[4]

On appeal,[5] Licensee contends that substantial evidence does not support the refusal to renew Licensee's license. Although Licensee admits to its citation history and recognizes that a citation for a single violation of the Liquor Code may justify the nonrenewal of a license, Licensee maintains that the *de minimis* nature of its violations does not support nonrenewal. Most of the violations involved insufficient seating or square footage, which Licensee corrected. When compared to other nonrenewal cases, which typically involve far more egregious violations, the trial court abused its discretion in affirming the nonrenewal. Further, the trial court erred by not giving Licensee credit for taking affirmative steps to correct the violations. By the PLCB's own admission, Licensee corrected the deficiencies.

After reviewing the record, Licensee's brief, and the relevant law, we conclude that the appellate issues have been ably resolved in the thorough and well-reasoned opinion of the Honorable Anne Marie B. Coyle. Therefore, we affirm the trial court's order on the basis of her opinion in the matter of *In re: Appeal of 2865 Yan Corp.* (C.P. Philadelphia, No. 211002399, filed October 7, 2022).

MICHAEL H. WOJCIK, Judge

---

[4] Licensee also sought reconsideration and supersedeas, which the trial court denied. *See* R.R. at 268a.

[5] Our review in a liquor license renewal case is limited to a determination of whether the trial court's findings of fact are supported by substantial evidence, whether it abused its discretion, or whether it committed an error of law. *First Ward Republican Club of Philadelphia v. Pennsylvania Liquor Control Board.*, 11 A.3d 38, 43 n.9 (Pa. Cmwlth. 2010).

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| In Re: Appeal of 2856 Yan Corp. | : |
| | : |
| From Decision of Pennsylvania | : No. 555 C.D. 2022 |
| Liquor Control Board | : |
| | : |
| Appeal of: 2856 Yan Corp. | : |

# **O R D E R**

AND NOW, this 26th day of June, 2023, the order of the Court of Common Pleas of Philadelphia County, dated May 4, 2022, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

| | |
|---|---|
| IN RE: APPEAL OF 2856 YAN CORP | Trial Court No. 211002399 |
| From a Decision of:<br>PENNSYLVANIA LIQUOR CONTROL BOARD | COMMONWEALTH COURT<br>555 CD 2022 |

## OPINION

The Pennsylvania Liquor Control Board ("PLCB") objected to 2856 Yan Corporations ("Yan Corp") license renewal application, citing Yan Corps seven (7) past citations. Following a hearing, the Pennsylvania Liquor Control Board (PLCB) denied the renewal application. Yan Corp appealed the PLCB's decision to this Court.

Upon reviewing the certified record, including the PLCB hearing examiner's proposed findings of facts and conclusions of law, the PLCB's opinion in support of its decision, the briefs filed by the parities, and after oral argument, this Court affirmed the decision of the PLCB.

Yan Corp filed this timely appeal, arguing (1) this Court either did not apply the *de novo* standard of review and/or improperly applied the *de novo* standard of review; (2) that this Court made an error in law and/or abused its discretion in declining to authorize the renewal of Appellants license; (3) that this Court erred in affirming the PLCB's finding that Yan Corps principal is a person of ill-repute; (4); this Court erred in considering a December 10, 2019 media article included in Appellee's pre-trial brief (5) that this Court erred in considering three Philadelphia Court of Common Pleas Opinions cited by Appellee in their pre-trial brief.

OPFLD-In Re: Appeal Of 2856 Yan Corp



21100239900035

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) D. DRAYTON 10/07/2022

This Court did not consider the PLCB's finding that Appellant's principal is a person of ill-dispute in deciding to deny the appeal. Therefore, this Court will not address that issue. For the reasons herein, the Commonwealth Court should affirm this Court's Order.

## A. Factual and Procedural Background

Yan Corp filed an application with the PLCB seeking to renew its Restaurant Liquor License No. R-832 for the period beginning on November 1, 2020 through October 31, 2022. **(PLCB Findings of Fact, p. 2).** Upon preliminary review of the application, the PLCB issued three objections to the license renewal namely: (1) that Appellant Licensee (Yan Corp) abused its licensing privilege due to the following violations of the Liquor Code relative to Citation Numbers 16-0019, 16-0693, 16-1469, 17-0328, 18-0124, 18-1337, and 19-0435; (2) the Premises did not operate as a *bona fide* restaurant pursuant to Section 102 of the Liquor Code as the Appellant failed to have a minimum of thirty (30) available seats and a serving area of at least 400 square feet; and that Yan Corps President, Stockholder and Manager Yan Chen is not a person of good repute and/or has become a person of ill repute pursuant to Section 102 and 470 of the Liquor Code. **Id.** at p. 3-4, **Ex. B-3.**

The PLCB held an administrative hearing via video conference before a hearing examiner appointed by the board on January 11, 2021. At the hearing, the PLCB entered into the record evidence of Appellant's previously adjudicated citations, which were admitted without objection. On each citation, Appellant had signed a Statement of Waiver, Admission and Authorization ("Waiver") in which it admitted to the violation charged and underlying facts in the citation. Between 2016 and 2019, Appellant received seven (7) citations; two (2) for operating the licensed establishment without a valid health license; two (2) for selling alcohol for off premises

2

consumption; and three (3) for failing to act as a *bona-fide* restaurant. **(PLCB Findings of Fact, p. 2).**

The PLCB introduced uncontested evidence that Appellant repeatedly failed to maintain and display a valid health license in violation of section 437 of the Liquor code, 47 P.S. § 4-437 and section 5.41 of the Board's Regulations, 40 PA § 5.41. Citation No. 16-0019 alleged that between October 11, 2015 and December 22, 2015 Appellant sold alcoholic beverages without a valid health license. **Ex. B-4** On or about October 22, 2015 officers from the Pennsylvania State Police, Bureau of Liquor Control Enforcement ("BLCE") visited Yan Corp for inspection and discovered that Appellant's health license had expired on October 11, 2015. **Id.** At this time the Officers informed Proprietor Yan Chen that she could not sell alcohol without a current health license. **Id.** Officers returned on December 22, 2015, and observed Yan Corp's patrons being served alcohol, however, Appellant still did not have a valid health license. Appellant signed the Waiver, and an Administrative Law Judge ("ALJ") issued a $250 fine. **Id.** Similarly, Citation 18-1337 alleged that Appellant had been selling alcoholic beverages without a valid health license from January 2, 2018 to August 12, 2018. On August 12, 2018, BLCE officers visited Yan Corp and discovered that Appellant's health license had expired on January 1, 2018. Ms. Chen again admitted that they had sold alcoholic beverages since the license expired, and the BLCE officers issued the citation for selling alcohol without a valid health license from January 1, 2018 to August 12, 2018. **Id.** Appellant again signed a Waiver, and an ALJ subsequently imposed a $350 fine. **Id.**

It is further uncontested that Appellant received two citations for selling alcoholic beverages for off premises consumption in violation of the Liquor Code. On April 14, 2016 and September 29, 2016 undercover BLCE officers visited Yan Corp, ordered alcoholic beverages, and were permitted to leave the premises with the alcoholic beverages. **Id.** Subsequently, the

officers issued Citation No. 16-1469 and Citation No. 16-0693 for serving alcoholic beverages for off premises consumption in violation of sections 401(1) and 406(a)(1) of the Liquor Code, 47 P.S. § 401(1) & 406(a)(1). **Id.** The ALJ issued a $100 fine for Citation No. 16-1469 and a $250 fine for Citation No. 16-0693. **Id.**

Finally, the PLCB introduced evidence of three citations where Appellant was not acting as a *bona fide* restaurant in violation of Section 102 of the Liquor Code, 47 P.S. § 102. **Id.** Citation No. 17-0328 alleged that on November 17, 2016, BLCE officers entered Yan Corp and observed that there were no tables, available seating, food preparation equipment, or cooking/eating utensils. **Id.** When the officers attempted to order food, Ms. Chen informed them that Yan Corp did not serve food and did not allow patrons to sit inside the premises. **Id.** At most, Ms. Chen was able to offer the officers three cups of instant cup noodles.[1] **Id.** The ALJ issued a fine of $300 and ordered to Appellant to certify that the premises maintained sufficient seating and food preparation equipment to qualify as a *bona fide* restaurant. **Id.**

Citation 18-0124, states that on November 16, 28, 29, and December 13, 2017, Appellant was not acting as a *bona fide* restaurant as they had no available seating or tables for patrons. **Id.** On the November 29 visit, in addition to there being no available seating, a representative from Yan Corp informed the officers that they did not serve food. **Id.** However, on the December 13 visit officers observed individuals ordering food, however, there was still no available seating. **Id.** The ALJ judge issued a $500 fine and Appellant was again ordered to certify that the premises maintained sufficient seating to qualify as a *bona fide* restaurant. **Id.**

---

[1] This Citation originally included one count of violating section 493(21) of the liquor code for refusing BLCE officers the right to inspect the premises at a time during which the premises was open to serve alcohol. When BLCE officers returned on November 18, 2016, a Yan Corp employee refused to allow the officers to conduct their inspection. However, the PLCB later dropped this charge with approval of the ALJ.

4

Finally, Citation No. 19-0435 alleged that Appellant was not operating a *bona fide* restaurant on January 31, 2019 as the premises again had insufficient seating, and insufficient serving space. **Id.** While the Liquor Code requires a restaurant have at minimum of thirty available seats for patrons, Officers found that Appellant only had twenty-two (22) seats available. **Id.** The Officer also noted that the serving area measured 372 square feet, whereas the Liquor Code requires a minimum 400 square footage serving area. **Id.** The ALJ judge issued a $600 fine for insufficient seating and a $400 fine for insufficient serving area, for a total of a $1000 fine. **Id.** The ALJ further suspended Yan Corp's license until they could certify they had sufficient seating and serving area space. **Id.** Sometime before February 14, 2019, the PLCB reinspected the premises, determined Appellant had complied with the Order and reinstated Appellant's license. **Id.**

Also, at the hearing Ms. Chen testified that she had paid to renew Yan Corp's health license before the license expired, but the City of Philadelphia failed to issue the license to her in a timely manner. **N.T. 1/11/21 at 12.** Ms. Chen further testified that the issues with seating arose sometime in 2017 after an unnamed supervisor from Philadelphia's 39th Police District instructed her that she needed to remove seating, or she would be "shut down." **N.T. 1/11/21 at 14.** Ms. Chen also testified that she remediated the square footage issue by taking down a wall, increasing the serving area. N.T. **1/11/21 at 15.**

The hearing examiner concluded that Appellant had repeatedly abused its licensing privileges relative to the sustained citations. **(PLCB Recommended Opinion, p. 11).** In turn, Appellant failed to operate as a *bona fide* restaurant on January 31, 2019 due to insufficient seating. **Id.** Finally, due to Appellant's repeated citations, Yan Chen, Yan Corps President, Stockholder and Manager was not a person of good repute and/or had become a person of ill repute pursuant

5

Finally, Citation No. 19-0435 alleged that Appellant was not operating a *bona fide* restaurant on January 31, 2019 as the premises again had insufficient seating, and insufficient serving space. **Id.** While the Liquor Code requires a restaurant have at minimum of thirty available seats for patrons, Officers found that Appellant only had twenty-two (22) seats available. **Id.** The Officer also noted that the serving area measured 372 square feet, whereas the Liquor Code requires a minimum 400 square footage serving area. **Id.** The ALJ judge issued a $600 fine for insufficient seating and a $400 fine for insufficient serving area, for a total of a $1000 fine. **Id.** The ALJ further suspended Yan Corp's license until they could certify they had sufficient seating and serving area space. **Id.** Sometime before February 14, 2019, the PLCB reinspected the premises, determined Appellant had complied with the Order and reinstated Appellant's license. **Id.**

Also, at the hearing Ms. Chen testified that she had paid to renew Yan Corp's health license before the license expired, but the City of Philadelphia failed to issue the license to her in a timely manner. **N.T. 1/11/21 at 12.** Ms. Chen further testified that the issues with seating arose sometime in 2017 after an unnamed supervisor from Philadelphia's 39th Police District instructed her that she needed to remove seating, or she would be "shut down." **N.T. 1/11/21 at 14.** Ms. Chen also testified that she remediated the square footage issue by taking down a wall, increasing the serving area. **N.T. 1/11/21 at 15.**

The hearing examiner concluded that Appellant had repeatedly abused its licensing privileges relative to the sustained citations. **(PLCB Recommended Opinion, p. 11).** In turn, Appellant failed to operate as a *bona fide* restaurant on January 31, 2019 due to insufficient seating. **Id.** Finally, due to Appellant's repeated citations, Yan Chen, Yan Corps President, Stockholder and Manager was not a person of good repute and/or had become a person of ill repute pursuant

5

to Sections 102 and 470 of the Liquor Code. **Id.** The hearing examiner's final determination was that Yan Corps renewal application should be denied. The PLCB agreed with the hearing examiner's recommendation and issued its own opinion in which it largely adopted the hearing examiner's facts and conclusions of law. **(PLCB Findings of Fact, p. 21).**

Yan Corp filed their timely appeal, which was subsequently assigned to this Court. This Court received the full certified record from the PLCB on February 3, 2022 and scheduled Oral Argument for May 4, 2022. During argument, the PLCB moved to admit into the record without objection the full certified record, including the notes of testimony from the January 11, 2021 hearing, the hearing examiners proposed Opinion and Findings of Facts, the PLCB's Opinion and Finding of Facts, and all exhibits previously admitted at the PLCB hearing. **N.T. 05/04/22 at 6-8.** Appellant did not request to move any additional exhibits into the record. **Id at 8.** Ms. Chen again testified for Appellant, offering almost identical testimony to what was previously offered to the PLCB. **Id. at 10-11.**

After this Court examined the certified record, reviewed the briefs submitted by the parties and considered the arguments made at oral argument, this Court affirmed the PLCB's decision not to renew Yan Corp's license. While this Court did not render its own findings of fact and conclusions of law, this Court independently evaluated the evidence that was presented to the PLCB hearing examiner.

## B. STANDARD OF REVIEW

The renewal of a liquor license is not automatic. 47 P.S. 4-470(a.1). The PLCB may reject a renewal application for any number of reasons, including that the licensee has one or more adjudicated citations. A single violation of the liquor code can be a sufficient basis for the PLCB to reject a renewal application. It is appropriate for the PLCB to look at a licensee's pattern of

6

violations, regardless of when the violations may have occurred, in determining whether to renew a license. **Atiyeh v. Pa. Liquor Control Bd.**, 629 A.2d 182, 183 (Pa. Commw. 1993).

When a licensee appeals a PLCB decision to reject a renewal, the trial court hears the matter *de novo* and may render its own findings of fact and conclusions of law. **Goodfellas, Inc. v. Pa. Liquor Control Bd.**, 921 A.2d 559, 565 (Pa. Commw. 2007). "De novo review contemplates an independent evaluation of the evidence, which has already been presented." **Two Sophia's Inc. v. Pa. Liquor Control Bd.**, 799 A.2d 917, 922 n. 5 (Pa. Commw. 2002). The trial court may consider all citations and has exclusive authority to the weight it assigns to the evidence. **Hotel Liquor License #£H-2892 v. Tabs Entm't, Inc.**, 125 A.3d 487, 491 (Pa.Cmwlth. 2015).

Under Section 464 (47 P.S. 4-464) of the Liquor Code, the trial court must receive the certified record of the PLCB proceedings and may hear new evidence. **Two Sophia's Inc.**, 799 A.2d at 922. The trial court has the authority to sustain, alter, change, modify or amend a decision of the PLCB and to issue its own findings of fact and conclusions of law, if warranted. **Id.**

The Commonwealth Court's review of the trial court's decision is limited to determining whether the trials courts findings are supported by substantial evidence or whether the trial court committed an error of law or abuse of discretion. **Pennsylvania Liquor Control Bd. v. Bartosh**, 730 A.2d 1029, Cmwlth.1999. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. **Republic Steel Corporation v. Workmen's Compensation Appeal Board (Shinsky)**, 492 Pa. 1, 421 A.2d 1060 (1980).

## C. DISCUSSION

A liquor license is a privilege granted by the state, and those entrusted with that privilege must demonstrate the highest degree of responsibility to their fellow citizens. *Street Road Bar & Grille, Inc. v. Pennsylvania Liquor Control Bd.*, 876 A.2d 346 (Pa. 2005); *Com. v. Koczwara,*

7

155 A.2d 825 (Pa. 1959). One who accepts a license must be deemed to consent to all proper conditions and restrictions which have been or may be imposed by the legislature in the interest of public morals and safety. *Hyland Enterprises v. Pennsylvania Liquor Control Bd.*, 631 A.2d 789 (Pa. Cmwlth. 1993). To be sure that the interests of the citizens of the Commonwealth are protected, it is necessary to closely examine the operation of an establishment when assessing whether to renew its liquor license. *Philly International Bar, Inc. v. Pennsylvania Liquor Control Bd.*, 973 A.2d 1 (Pa. Cmwlth. 2008). The legislature has mandated that certain minor matters, as well as major breaches of law, be treated as statutory violations, and a court cannot reverse the PLCB by declaring the violations to be *de minimis*. *Pennsylvania Liquor Control Bd. v. Dobrinoff*, 471 A.2d 941 (Pa. Cmwlth. 1984).

Those who have been granted the privilege of holding a liquor license are strictly liable for violations of the Liquor Code and the Board's Regulations that occur on the licensed premises. *Pennsylvania State Police v. S&B Restaurants, Inc.*, 52 A.3d 513, 520 (Pa. Cmwlth. 2012), *citing Pennsylvania Liquor Control Bd. v. TLK, Inc.*, 544 A.2d 931, 933 (Pa. 1988). Board-licensees are obligated to know, without need of any warning from authorities, that they must comply with the Liquor Code. *Paey Associates, Inc. v. Pennsylvania Liquor Control Bd.*, 78 A.3d 1187 (Pa. Cmwlth. 2013). The Commonwealth Court has upheld the Board's exercise of its discretion under section 470 of the Liquor Code and has stated that even one past citation or violation may be sufficient to support a decision refusing a renewal application, regardless of when it occurred. *Hyland Enterprises, supra*; *Slovac-American Citizens Club v. Pennsylvania Liquor Control Bd.*, 549 A.2d 251 (Pa. Cmwlth. 1988).

The PLCB and the trial court may consider a licensee's citation history to determine whether a pattern emerges, and it may consider all past Liquor Code violations, no matter their

age, in a renewal proceeding. Neither the Liquor Code nor prior appellate holdings place any *per se* temporal limitation on the Board's review of a licensee's citation history. *St. Nicholas Greek Catholic Russian Aid Society v. Pennsylvania Liquor Control Bd.*, 41 A.3d 953 (Pa. Cmwlth. 2012).

When violations of the Liquor Code and/or the Board's regulations occur, if a licensee can show that it took substantial measures to prevent the criminal or illegal activity on or about the premises, the Board may consider those steps in rendering its decision. *I.B.P.O.E. of W. Mount Vernon Lodge 151 v. Pennsylvania Liquor Control Bd.*, 969 A.2d 642 (Pa. Cmwlth. 2009); 47 P.S. §4-470(a.1)(4). However, it is paramount that a licensee with a Restaurant license must be acting as a *bona fide* restaurant.

"Restaurant" is defined under section 102 of the Liquor Code as follows:

> [A] reputable place operated by responsible persons of good reputation and habitually and principally used for the purpose of providing food for the public, **the place to have an area within a building of not less than four hundred square feet, equipped with tables and chairs, including bar seats, accommodating at least thirty persons at one time.** The board shall, by regulation, set forth what constitutes tables and chairs sufficient to accommodate thirty persons at one time.

47 P.S. § 1-102 (emphasis added).

It is uncontested that Yan Corp received seven (7) citations for violations of the Liquor Code stemming from conduct that occurred between October 2015 and January 2019. Two (2) citations related to Appellant selling alcoholic beverages without a valid health license, two citations for selling alcoholic beverages for off premises consumption, and three (3) citations for failing to act as a *bona fide* restaurant. Appellant's history of citations demonstrates a pattern of disregarding the rules required to be granted a liquor license, which provides reasonable support for the decision to deny appellants license renewal.

9

Ms. Chen's assertion that she paid to renew Appellant's health license, but the City of Philadelphia failed to issue the new license before the prior license expired is neither credible nor unsupported by evidence.[2] On Citation No. 16-0019, Appellant avers that Ms. Chen wrote a $300 check made payable to the City of Philadelphia for Appellant's health license on December 18, 2016. However, the citation reflects a failure to have a license from October 11, 2015 through December 12, 2015. Similarly, on Citation No. 18-1337 for operating without a valid health license between January 2, 2018 through August 15, 2018, Appellant alleged Ms. Chen wrote a $300 check made payable to the City of Philadelphia on December 5, 2017 for the purposes of renewing the health license. However, Appellant has not, and cannot offer any explanation as to why the renewed health license has an effective date of August 22, 2018 almost eight months later. Moreover, Ms. Chen understood Appellant could not serve alcoholic beverages without a current health license yet continued to do so for eight (8) months.

Whether or not Ms. Chen did in fact timely renew her license is ultimately irrelevant. Pennsylvania Liquor Board Regulation 5.41 is clear that a licensee must display documentary evidence that they meet both state and municipal sanitation requirements at all time. 40 Pa. § 5.41. It is uncontested that Appellant did not have a valid health license when BLCE officers visited in 2015 and 2018. BLCE officers informed Ms. Chen that she must have her valid health permit

---

[2] Appellant did include a series of checks written by Ms. Chen with their trial court brief which it avers was payment for its health license. Appellant attempted to introduce these checks as evidence at the PLCB hearing but the hearing examiner denied their admission on relevance grounds as Appellant had stipulated that they were selling alcoholic beverages without a valid license when they signed the waiver for the citation. While Appellant's trial court brief correctly noted that this Court could have entertained Appellant's desire to enter the checks into the record as evidence under the *de novo* standard of review, Appellant failed to introduce the exhibit at the hearing or file a motion requesting their introduction. Regardless, at most the checks would have demonstrated that Ms. Chen did write a check made payable to the City of Philadelphia. The checks, however, do not show when they were submitted to the City, or when the City received or cashed the checks. Further, the checks memorandum line is blank and do not state that they are for license renewal. For the purposes of this Opinion, this Court will still address the checks as proffered within Appellant's trial brief.

10

before she could sell alcoholic beverages. However, Appellant knowingly and repeatedly ignored that requirement and continued to sell alcoholic beverages despite not having a valid health license.

This Court additionally appreciated the three (3) citations stemming from Appellant's failure to act as a *bona fide* restaurant in 2017, 2018 and 2019. Yan Corp knew of the insufficient seating and would take the so-called affirmative steps to comply but would go right back into noncompliance despite the suspensions and the fines imposed by the ALJ. More egregiously, on two (2) occasions Yan Corp admitted that they do not serve food or have proper food preparation equipment.[3] Yan Corp failed to satisfy the most basic requirement to be considered a restaurant, which is to serve food. Nor does this Court accept Ms. Chen's unsupported proposition that she was forced to remove seating at the request of an unnamed Philadelphia Police Supervisor. Ironically, accepting this claim would indicate that the premises are a "reputable place" to serve as a restaurant under the Liquor Code.

Regarding the corrective measures in response to these PLCB citations, this Court concluded that the steps Yan Corp took do not reflect a good faith effort to become compliant but are mere attempts to save their restaurant license. It is well settled that a licensee is obligated to know that they must comply with the Liquor Code. Appellant took corrective action only when their license was revoked or at risk of revocation. Yan Corp had repeatedly flouted the seating requirements under the Liquor Code, and the corrective measures regarding seating were repeatedly reversed.

Appellant's seven (7) citations issued from 2016 to 2019 demonstrate a pattern of behavior. Yan Corp repeatedly violated the Liquor Code, took corrective action, and then immediately

---

[3] This Court also notes that Appellant offered no testimony or evidence that they were currently operating as a *bona fide* restaurant. Curiously, Appellant's health licenses issued on November 9, 2018 and November 24, 2019 describe Appellant as a "Beer Distributor" and not a restaurant.

11

reversed back to reoffending, demonstrating disregard for the rules under the Liquor Code. Appellant's attempts to downplay these violations as "non-enhanced" citations or deminimis violations is merely an attempt to re-weigh the evidence. To the contrary, the nature of these infractions demonstrate that Appellant is incapable of following the most basic requirements set out by the Liquor Code. Therefore, this Court properly denied the Appeal based on Appellant's having abused their license through repeated violations of the Liquor Code and/or their repeated failure to operate as a *bona fide* restaurant.

Appellant raised an additional issue that this Court erred in considering a newspaper article attached in Appellee's trial court brief. The referenced article included a quote by a Pennsylvania State Senator detailing how the Pennsylvania State Legislature is "cracking down on 'stop-and-go' corner stores." Appellant failed to preserve this issue for review. To preserve an issue for appellate review, the moving party must make a timely specific objection during the argument, and then must again raise the issue in post hearing motions. **Dennis v. Se. Pennsylvania Transp. Auth., 833 A.2d 348, 352 (Pa.Cmwlth. 2003). See also Dilliplaine Valley v. Lehigh Valley Trust Co., 457 Pa. 255, 322 A.2d 114 (1974)** (applying the waiver standard to administrative proceedings). Pa.R.A.P. 302. Failure to satisfy both these requirements means the issue is waived, regardless of if the issue is "basic or fundamental." **Dennis, 833 A.2d 348, 352.** The requirement that Appellant raise the issue at the earliest opportunity is of great importance as it presents the trial court to take immediate corrective action. **Id.**

Appellee filed their trial court brief with the article on April 1, 2022 and this Court heard Oral Argument on May 16, 2022. Appellant had over a month to raise an objection to the article's inclusion. However, Appellant failed to raise any objection either before or during oral argument. While Appellant has raised the issue in both the post-trail *Motion for Reconsideration* and 1925(b)

12

Statement of Matters Complained, their failure to raise the issue before this Court either during or prior to argument means this issue is waived.

Further, Appellee neither referenced the article in their brief, their oral argument or attempted to admit the article into evidence. This Court in turn did not consider this article in rendering its decision. As demonstrated, this Court denied Appellant's Statutory Appeal not based on any policy directives the Pennsylvania State Legislature may have issued but based on Appellant's habitual abuse of their license and failure to follow the basic tenants of the Liquor Code.

Finally, to address Appellant's complaint that this Court erred in considering three (3) Philadelphia Court of Common Pleas Trial Court Opinions cited by Appellee in their trial court brief is unfounded. This Court recognizes that Opinions issued by its fellow Jurists within the First Judicial District of Pennsylvania do not establish binding precedent. This Court independently analyzed the merits of this Appeal and the certified record before determining that there was sufficient evidence to warrant its denial.

## D. CONCLUSION

For the foregoing reasons, this Court respectfully submits that the Commonwealth Court should affirm this Court's denial of Appellants appeal.

BY THE COURT:

ANNE MARIE B. COYLE, J.

13